RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED ___Y-1___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. ___M___
DATE __8-31-05__

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AT&T CORP., a New York corporation,
            Plaintiff,

v.

CITY OF EVERETT, a municipal
corporation of the Commonwealth of
Massachusetts,
            Defendant.

NO.

**05 - 11800 WGY**

MAGISTRATE JUDGE Collings

### COMPLAINT

Plaintiff, AT&T Corp., alleges as follows:

### JURISDICTION AND VENUE ALLEGATIONS
### 28 U.S.C. § 1332

1.    This Court has jurisdiction over this matter as complete diversity exists between Plaintiff and Defendant and the amount in controversy is greater than the jurisdictional minimum, pursuant to 28 U.S.C. Section 1332.

2.    Plaintiff, AT&T Corp. ("Plaintiff" or "AT&T") is, and at all times mentioned herein has been, a New York corporation with its principal place of business in Bedminster, New Jersey.

3.    AT&T is informed and believes, and thereon alleges, that Defendant City of Everett ("Everett" or "Defendant") is, and at all times mentioned herein was, a municipal corporation of the Commonwealth of Massachusetts.

4.  The amount in controversy exceeds $198,000.00 exclusive of interest, attorney's fees and costs.

5.    Venue is proper in the District of Massachusetts because Defendant Everett is, and at all times mentioned herein was, a municipal corporation in the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

6. On or about June 29, 2001, Everett entered into a written agreement with AT&T for telecommunication services. This written agreement consisted, in part, of AT&T Master Agreement, Master Agreement Reference Number DCMT340716 and AT&T Internet Transport Services Service Order Attachment and the attached schedules (collectively the "Contract"). A true and correct copy of the Contract as executed by Everett is attached hereto as Exhibit "1" and incorporated fully herein by this reference. Pursuant to the Contract the following account for telecommunications service was established within AT&T's records: 2101-3973-8157 (the "Account").

7. Pursuant to the Contract, AT&T agreed to provide telecommunications services to Defendant, and Defendant agreed to pay Plaintiff for the services provided under the Contract.

8. The prices for services under the Contract were set forth in the Contract and in the on-line AT&T Service Guide referenced therein which could at all times mentioned herein be viewed at http://www.att.com/abs/serviceguide (the "Service Guide").

9. Beginning on or about September 1, 2003, Defendant failed to pay AT&T for invoiced telecommunications services received under the Account pursuant to the Contract. Thereafter, Defendant failed and refused to pay additional amounts due to AT&T for services provided under the Account. Defendant continued to fail and refuse to pay all future invoices, and then, on or about March 22, 2005, AT&T began terminating certain services to Defendant under the Accounts.

10. AT&T has performed all of the conditions, covenants, and promises required to be performed by it in accordance with the terms and conditions of the Account, the Contract and the Service Guide.

11. There is now due, owing, and unpaid from Defendant to AT&T under the Contract and the Account the sum of $198,152.71, together with interest accruing

2

thereon at the highest legal rate from the date invoiced until paid. Despite demand therefor, neither the whole nor any part of this sum has been paid.

12. Additionally, Section 2.3 of the AT&T Master Agreement, Master Agreement Reference Number DCMT340716 provides, in relevant part, as follows: **"[Defendant] shall reimburse AT&T for all costs (including reasonable attorney fees) associated with collecting delinquent or dishonored payments."**

## COUNT I
## Breach of Contract

13. AT&T incorporates herein by this reference paragraphs 1 through 12 inclusive, as if those paragraphs were set forth herein in full.

14. Beginning on or about June 28, 2001, Everett entered into a written contract, the Contract, with AT&T for the provision of telecommunications services.

15. Under the Contract, AT&T agreed to provide certain telecommunications services to Defendant, and Defendant agreed to pay charges in accordance therewith.

16. AT&T has performed all conditions, covenants and promises required to be performed by AT&T under the Contract.

17. Beginning on or about September 1, 2003, Defendant began breaching the Contract by failing to pay for the telecommunications services provided to Defendant.

18. As a proximate result of Defendant's breach of the obligations under the Contract, AT&T has suffered damages in the amount of at least $198,152.71, together with interest thereon at the highest legal rate from payment due date until paid, plus attorneys' fees and costs.

19. Section 2.3 of AT&T Master Agreement, Master Agreement Reference Number DCMT340716 provides, in relevant part, as follows: "[Defendant] shall reimburse AT&T for all costs (including reasonable attorney fees) associated with collecting delinquent or dishonored payments."

## COUNT II
## Open Book Account

20. AT&T incorporates herein by this reference paragraphs 1 through 12, and 14 through 19, inclusive, as if those paragraphs were set forth herein in full.

21. Within four years last past, Defendant has become indebted to AT&T on an open book account for money due in the sum of $198,152.71 for telecommunications services provided by AT&T on the Account, at Defendant's special instance and request, and for which Defendant agreed to pay the above sum.

22. Neither the whole nor any part of the above sum has been paid, although demand therefor has been made, and there is now due, owing and unpaid the sum of $198,152.71, with interest accruing thereon at the highest legal rate from the date invoiced, until paid.

## COUNT III
## Account Stated

23. AT&T incorporates herein by this reference paragraphs 1 through 12, 14 through 19, and 21 through 22, inclusive, as if those paragraphs were set forth herein in full.

24. Within four years last past, an account was stated in writing between AT&T and Everett, wherein it was agreed that Everett was indebted to AT&T in the amount of $198,152.71.

25. Despite demand therefor, neither the whole nor any part of the above sum has been paid, and there is now due, owing and unpaid the sum of $198,152.71, with interest accruing thereon at the highest legal rate from the date invoiced, until paid.

## COUNT IV
## Quantum Meruit

26. AT&T incorporates herein by this reference paragraphs 1 through 12, 14 through 19, 21 through 22, and 24 through 25, inclusive as if those paragraphs were set forth herein in full.

4

27. AT&T furnished valuable telecommunications services to Defendant, during the period referenced herein, at Defendant's special instance and request.

28. The telecommunications services provided by AT&T were furnished to Defendant, and were accepted by Defendant under such circumstances as reasonably notified Defendant that AT&T expected to be paid for said services.

29. AT&T is entitled to payment in the amount of $198,152.71, with interest accruing thereon at the highest legal rate from the date invoiced, until paid, for the services provided by AT&T to Defendant.

## COUNT V
### Unjust Enrichment

30. AT&T incorporates herein by this reference paragraphs 1 through 12, 14 through 19, 21 through 22, and 24 through 25, and 27 through 29; inclusive as if those paragraphs were set forth herein in full.

31. AT&T furnished valuable telecommunications services to Defendant, during the period referenced herein, at Defendant's special instance and request.

32. The telecommunications services provided by AT&T were furnished to Defendant, and were accepted by Defendant under such circumstances to unjustly enrich Defendant if they were permitted to accept the benefit of such services without paying.

WHEREFORE, Plaintiff, AT&T Corp., prays for judgment against Defendant, as follows:

### FOR THE FIRST CLAIM FOR RELIEF:

1. For damages in the amount of $198,152.71;
2. For interest on that sum at the highest legal rate from the date invoiced, until paid;
3. For allowable attorneys' fees;
4. For costs of suit incurred herein; and
5. For such other and further relief as the court may deem just and proper.

5

**FOR THE SECOND CLAIM FOR RELIEF:**

1. For damages in the amount of $198,152.71;

2. For interest on that sum at the highest legal rate from the date invoiced, until paid;

3. For allowable attorneys' fees;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem just and proper.

**FOR THE THIRD CLAIM FOR RELIEF**

1. For damages in the amount of $198,152.71;

2. For interest on that sum at the highest legal rate from the date invoiced, until paid;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

**FOR THE FOURTH CLAIM FOR RELIEF:**

1. For damages in the amount of $198,152.71;

2. For interest on that sum at the highest legal rate from the date invoiced, until paid;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court may deem just and proper.

**FOR THE FIFTH CLAIM FOR RELIEF:**

1. For damages in the amount of $198,152.71;

2. For interest on that sum at the highest legal rate from the date invoiced, until paid;

3. For costs of suit incurred herein; and

4.  For such other and further relief as the court may deem just and proper.

AT&T CORP,

By its attorneys,

*/s/ John P. D_____*

John P. Dennis, BBO #120592
Lynch, Brewer, Hoffman & Fink, LLP
101 Federal Street, 22nd Floor
Boston, MA  02110-1800
(617) 951-0800

CALIFORNIA COUNSEL:

ASSAYAG ❖ MAUSS
A Professional Law Corporation
2915 Redhill Avenue
Suite 200
Costa Mesa, CA  92626

199280_1

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AT&T Corp., a New York corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-951-0800
John P. Dennis, Lynch, Brewer, Hoffman
& Fink, LLP, 101 Federal St., Boston, MA

## DEFENDANTS
City of Everett, a municipal corporation of the Comonwealth of Massachusetts

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  05-11800WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332
Brief description of cause:
Failure to pay amount owed for telecommunication services.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 198,151.71+
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD  /s/ John P. Dennis

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   AT&T Corp. v. City of Everett

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   05-11800WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    John P. Dennis
ADDRESS   Lynch, Brewer, Hoffman & Fink, 101 Federal Street, Boston, MA
TELEPHONE NO.    (617) 951-0800

(CategoryForm.wpd - 5/2/05)