UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AT&T CORP., A New York corporation, ) | |
|                              Plaintiff, ) | |

AT&T CORP., A New York corporation, )
               Plaintiff, )
                           )

v.                           )    No. 05-11800WGY

                           )

CITY OF EVERETT, a municipal    )
Corporation of the Commonwealth of    )
Massachusetts,                    )
                Defendant    )

IN CLERK'S OFFICE FILED
2006 NOV -8 A 11: 41
U.S. DISTRICT COURT
DISTRICT OF MASS.

## DEFENDANT'S ANSWER

Now comes the defendant, the City of Everett and for its Answer to plaintiff's Complaint does state the following:

## JURISDICTION AND VENUE ALLEGATIONS

1.    Admits.

2.    Admits.

3.    Admits.

4.    Admits.

5.    Admits.

## GENERAL ALLEGATIONS

6.    Admits but further answers that the only service the defendant contracted for was a level T-1 at 1.544 mbps with a charge of $1,250.00 per month.

7.    Admits.

8.    Admits.

9.    Denies, but further answers that on or about February, 2001, services provided to the defendant by the plaintiff were changed from a T-1 level at 1.544 mbps costing $1,250.00 per month to a T-3 level at 4.5 mbps costing approximately $5,600.00 per month without the defendant's permission, knowledge or consent.

10. Denies.

11. Denies.

12. Admits.

## COUNT I
### Breach of Contract

13. The defendant incorporates herein by this reference paragraphs 1 through 12 inclusive, as if those paragraphs were set forth herein in full.

14. Admits.

15. Admits but only the service of a level T-1 at 1.544 mbps at $1,250.00 charge per month.

16. Denies.

17. Denies.

18. Denies.

19. Admits.

## COUNT II
### Open Book Account

20. The defendant incorporates herein by this reference paragraphs 1 though 12, and 14 through 19 inclusive, as if those paragraphs were set forth herein in full.

21. Denies.

22. Denies.

## COUNT III
### Account Stated

23. The defendant incorporates herein by this reference paragraphs 1 through 12, 14 through 19, and 21 through 22 inclusive, as if those paragraphs were set forth herein in full.

24. Denies.

25. Denies.

## COUNT IV
## Quantum Meruit

26.    The defendant incorporates herein by this reference paragraphs 1 through 12, 14 through 19, 21 through 22, and 24 through 25 inclusive, as if those paragraphs were set forth herein in full.

27.    Denies.

28.    Denies.

29.    Denies.

## COUNT V
## Unjust Enrichment

30.    The defendant incorporates herein by this reference paragraphs 1 through 12, 14 through 19, 21 through 22, 24 through 25, and 27 through 29 inclusive as if those paragraphs were set forth herein in full.

31.    Denies.

32.    Denies

And further answering the defendant does state the following:

## DEFENSES AND AFFIRMATIVE DEFENSES

## FIRST DEFENSE

If the defendant failed to perform any of its agreements contained in the instruments referred to in the plaintiff's Complaint, it was excused from the performance of such agreements.

## SECOND DEFENSE

Under the instruments referred to in the plaintiff's Complaint, the plaintiff was to provide the defendant with only a level T-1 at 1.544 mbps service with a cost of $1,2500.00 per month. Without the defendant's knowledge, permission or consent, the plaintiff increased the defendant's service to a T-3 level at 4.5 mbps costing approximately $5,600.00 per month, therefore the defendant owes the plaintiff nothing.

## THIRD DEFENSE

The plaintiff's Complaint fails to state a claim and/or cause of action upon which relief can be granted.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff is not entitled to equitable relief inasmuch as the plaintiff has been guilty of inequitable conduct and has failed to come into equity with clean hands and cannot be allowed to benefit from its misconduct.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery because this action has not been brought within the terms specified by the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

If it shall be proved that an officer, employee, agent or servant did sign the instruments referred to in the plaintiff's Complaint that said officer, employee, agent or servant had no authority to bind the said defendant, City of Everett.

## FOURTH AFFIRMATIVE DEFENSE

That all instruments referred to in the plaintiff's Complaint (collectively the "Contract") are null and void in that they violate Section 39 of the Charter of the City of Everett which specifically requires that "all contracts made in behalf of the city in which the amount involved exceeds three hundred dollars ($300.00) shall, in order to be valid, require the signature of the mayor."

WHEREFORE, the defendant respectfully requests that this Honorable Court:

1.    Dismiss, with prejudice, the plaintiff's Complaint in its entirety;

2.    Enter judgement in favor and honor of the defendant;

3.    Award the defendant its costs and legal fees incurred in connection with this action; and

4

4.      Grant such other orders or relief as this Honorable Court deems, just, fair and appropriate.

Dated   November 7, 2006

Respectfully submitted
By its attorney

Victor G. Dragone, Jr.
Assistant City Solicitor
Everett City Hall
484 Broadway
Everett, MA 02149
617-394-2288
BBO#134320

5